UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY KIMBROUGH ) | |
| ) | Case Number |
| **Plaintiff** ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| GC SERVICES, LP ) | |
| & ) | |
| USAA SAVINGS BANK ) | |
| ) | |
| **Defendants** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Anthony Kimbrough, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Anthony Kimbrough, (hereinafter "Plaintiff"), is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant, GC Services for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as against both Defendants for violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors

and original creditors from engaging in abusive, deceptive and unfair practices, Breach of Contract, Civil Conspiracy and Invasion of Privacy by Intrusion into Private Affairs.

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III.    PARTIES

4. Plaintiff, Anthony Kimbrough, (hereafter, Plaintiff) is an adult natural person residing at 306 Albert Street, Pittsburgh, PA 15211.  At all times material and relevant hereto, Plaintiff is a ("consumer") as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, GC Services, LP, (hereafter, Defendant, GC Services) at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt within but not limited to the Commonwealth of Pennsylvania and the State of Texas with a primary location at 6330 Gulfton Street, Houston, TX 77081.

6. Defendant, USAA Savings Bank (hereafter, Defendant, USAA) is and was a Texas-based unincorporated reciprocal interinsurance exchange.  It is also an unincorporated financial services holding company.  The investments of the unincorporated reciprocal interinsurance exchange make USAA a diversified financial services group of companies.  They maintain a primary location at 9800 Fredericksburg Rd., San Antonio, TX  78288.

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendant, GC Services, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

8. On or about October 8, 2012, Plaintiff along with the debt settlement agency that she was working with entered into a settlement arrangement with Defendant GC Services, on a debt allegedly owed on a USAA Savings Bank account.

9. Plaintiff was said to owe a balance of $3,835.29.

10. Defendant, GC Services, offered the Plaintiff the opportunity to settle the account for a lesser amount of $1,918.00 to be made in six (6) monthly payments.

11. Plaintiff was to make the first payment on or before October 31, 2012 in the amount of $49.00.

12. Plaintiff made payment as agreed.

13. Defendant, GC Services, accepted and did not return payment.

14. Plaintiff was to make the next payment in the amount of $241.00 on or before November 30, 2012.

15. Plaintiff made the second payment as agreed.

16. Defendant, GC Services, accepted and did not return payment.

17. Plaintiff was then to make three (3) consecutive monthly payments in the amount of $408.00 from December, 2012 through February, 2013.

18. All payments were made on time and accepted.

19. Plaintiff made the sixth and last payment in the amount of $404.00 in March, 2013.

20. The final payment was also accepted and not returned.

21. Despite making all payments as agreed Defendant, GC Services, began calling the Plaintiff and demanding full payment of $3,835.29.

22. Defendant, GC Services, informed the Plaintiff that the debt had been recalled because the payments were not made on time.

23. Plaintiff's payments were always made with the assistance of the debt settlement agency she was working with and sent at least ten (10) days prior to their due date.

24. Defendant, GC Services, made no mention of the Plaintiff receiving credit for the payments that were already made to Defendant, GC Services.

25. On or about August 15, 2013, Defendant, GC Services, started to call the debt settlement agency that the Plaintiff was working with demanding that more money was due on the account because of the late payments.

26. On or about August 22, 2013, Defendant, GC Services, who despite accepting all six (6) payments was now stating that the settlement arrangement was now null and void due to late payments.

27. Defendants GC Services and USAA, are in breach of contract by refusing to honor the settlement arrangement that they offered and entered into with the Plaintiff.

28. The Plaintiff is at no fault in this Breach.

29. Defendants acted in a false, deceptive, misleading and unfair manner by taking action that it stated it would not take for the purpose of coercing Plaintiff to pay the debt.

30. Defendant, GC Services, knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

31. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

32. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

33. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants unlawful conduct.

34. As a direct consequence of Defendants acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I – FDCPA

*Plaintiff v. GC Services, LP*

35. The above paragraphs are hereby incorporated herein by reference.

36. At all times relevant hereto, Defendant, EAS, was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

37. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    §§ 1692d:    Any conduct the natural consequence is to harass, oppress or abuse any person

| | |
|---|---|
| §§ 1692d(5): | Caused the phone to ring or engaged anyone in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, GC Services, LP, for the following:

a.  Actual damages;

d.  Statutory damages pursuant to 15 U.S.C. §1692k;

c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

*Plaintiff v. GC Services and USAA*

38.  Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

39. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

40. The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

41. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

42. The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

43. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

44. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

45. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d.  Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

*Plaintiff v. GC Services and USAA*

46. The foregoing paragraphs are incorporated herein by reference.

47. Plaintiff and Defendants are "Persons" to 73 Pa. C.S § 201-2.

48. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

49. The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.  Defendants misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.  Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.  Defendants failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

50. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

51. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a. An Order declaring that Defendants violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV -BREACH OF CONTRACT

*Plaintiff v. GC Services and USAA*

52. The above paragraphs are hereby incorporated herein by reference.

53. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, promised to the Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

54. Plaintiff fulfilled her contractual obligation by making payment timely.

55. Defendants failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, for the following:

a. Actual damages;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT V - CIVIL CONSPIRACY

*Plaintiff v. GC Services and USAA*

56. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 8 through 53, inclusive, of this complaint as though fully set forth herein.

57. Plaintiff is informed and believes and therein alleges that Defendants entered into an agreement under which said Defendants, acting in concert, agreed to willfully or knowingly violate the FDCPA.

58. The acts of the Defendants, and all of them, were in furtherance of a conspiracy to violate a legal duty for their own financial gain.

59. Defendants had an independent duty to Plaintiff and all others similarly situated not to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants financial gain.

60. Defendants at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

61. As a proximate result of the wrongful acts of the Defendants and each of them, Plaintiff has been damaged in a sum according to proof and for attorney's fees, costs and interest according to proof.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

a. Actual damages;

    b.    Treble damages;

    c.    An award of reasonable attorneys fees and expenses and costs of court; and

    d.    Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT VI

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

*Plaintiff v. GC Services and USAA*

62. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

64. Pennsylvania further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Pennsylvania state law.

65. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

66. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

67. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

68. All acts of the Defendants were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

    a. Actual damages

    b. Statutory damages

    c. An award of reasonable attorney's fees and expenses and cost of suit; and

    d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

    d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

    **Respectfully submitted,**

    **VULLINGS LAW GROUP, LLC**

**Date: October 18, 2013**

    **BY:** */s/Brent F. Vullings*
    Brent F. Vullings, Esquire
    Vullings Law Group, LLC
    3953 Ridge Pike
    Suite 102
    Collegeville, PA 19426
    P: 610-489-6060
    F: 610-489-1997
    bvullings@vullingslaw.com